JOSEPH WAGENLANDER V. BERTHA WAGENLANDER.

**Cross Petition Improperly Dismissed for Failure of Service With Copy of Cross Petition in Absence of Unreasonable Delay.**

Dismissing a cross petition in an action for divorce on the ground that there has been no service thereon with a copy of the cross petition is erroneous, there being no showing or unreasonable delay in procuring service on such cross-petition.

ERROR.

*C. S. Sparks,* for plaintiff in error.

*M. C. Lykins* and *J. W. Weinig,* for defendant in error.

**HAMILTON, J.**

Bertha Wagenlander brought suit in the Court of Domestic Relations of Hamilton county, Ohio, against Joseph Wagenlander, praying for divorce, alimony and custody of child, and caused service to be duly made upon said Joseph Wagenlander.

The defendant thereupon answered denying the allegations of the petition, and by way of cross-petition prayed for divorce from the said Bertha Wagenlander and for custody of child and other relief. No summons was issued and, together with a copy of the cross-petition, served upon the said Bertha Wagenlander upon the cross-petition.

Counsel for said plaintiff, Bertha Wagenlander, moved to dismiss the cross-petition for the reason that no summons had been served upon the plaintiff on the cross-petition. The court sustained the motion and dismissed the cross-petition.

This was error, as the court could not dismiss the cross-petition on motion, unless the motion stated and the court found there had been unreasonable delay in causing summons to issue; and no such delay appears from the record to have been so stated in the motion or to have been found so by the court.

It would seem that what the court endeavored to do on the

motion was to hold that service of summons on the cross-petition together· with a copy of the cross-petition was necessary before the court would have jurisdiction to hear and determine the case on the cross-petition.  In this we think it was correct, as the reason for the provision of the statute relating to service in divorce matters on the petition applies with equal force to service on a cross-petition as alike affecting public policy.  While the statute relating to service of summons in divorce matters on the petition does not use the term "cross-petition," the provisions must be held to include service upon a cross-petition and service must be made in like manner, to clothe the court with jurisdiction to hear and determine a matter of divorce and alimony upon cross-petition.

For the reasons above stated, that there was no showing of unreasonable delay in procuring service upon the cross-petition, the judgment sustaining the motion to dismiss the cross-petition will be reversed.

**Jones**, and **Gorman, JJ.**, concur.